IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| KENNETH E. BROWNLEE and | : |
| JANICE J. BROWNLEE, | : |
| | : |
| Debtors, | : |
| | : |
| _____ | |
| | |
| WALTER W. KELLEY, Trustee, | : |
| | : |
| Plaintiff-Appellee, | : |
| | : **BANKRUPTCY APPEAL** |
| v. | : CASE NO.: 7:18-CV-202 (WLS) |
| | : |
| SYNOVUS BANK, formerly known as | : |
| FIRST COMMUNTIY BANK | : |
| OF TIFTON, A DIVISION OF | : |
| SYNOVUS BANK, | : |
| | : |
| Defendant-Appellant. | : |
| _____: | |

## ORDER

Before the Court is Plaintiff-Appellee Kelley's Motion to Reopen case, filed on October 19, 2020. (Doc. 13.) Therein, Kelley asks this Court to reopen the bankruptcy appeal in the above-styled action and enter an Order affirming the interlocutory order entered by the U.S. Bankruptcy Court for the Middle District of Georgia on December 4, 2018. (*Id.*) In that order, the Bankruptcy Court denied Synovus Bank's Motion for Summary Judgment and granted Walter Kelley's Motion for Partial Summary Judgment upon finding that a judgment Synovus obtained against the debtors did not become a lien on the debtors' real property until it was recorded, within 90 days of the Trustee's action. (Doc. 1 at 26-36.) The Bankruptcy

1

Court relied heavily on a Georgia statute which provides that "[n]o judgment… shall in any way affect or become a lien upon the title to real property until the judgment, decree, or *writ of fieri facias* is recorded in the office of the clerk of the superior court of the county in which the real property is located." (*Id.* at 30) (quoting O.C.G.A. § 9-12-86(b)). The Parties agreed that there were conflicting opinions concerning the interpretation of O.C.G.A § 9-12-86 as it applies, if any, to the establishment of a creditor's judgment lien against the real property of the debtor. Synovus argued that O.C.G.A § 9-12-80 created a judgment lien between the parties, while O.C.G.A § 9-12-86 perfected the lien against third parties. (Doc. 9 at 23–24.) As noted by the Bankruptcy Court, cases interpreting O.C.G.A § 9-12-80 and O.C.G.A § 9-12-86 do not address the ambiguity created by these statutes when determining the time in which a creditor obtains a lien on the debtor's real property. (*See* Doc. 2-2.) Ultimately, Georgia law determines a creditor's right in the judgment debtor's real property at the time the debtor files for bankruptcy. However, at the time of the appeal, there was no clear, controlling precedent from the Supreme Court of Georgia addressing that particular legal issue.

On January 23, 2020, this Court certified a question to the Supreme Court of Georgia to resolve the discrepancy and eradicate any doubt as to the application:

> WHETHER AS BETWEEN A CREDITOR, WHO OBTAINS A JUDGMENT AGAINST A DEBTOR'S REAL PROPERTY, AND THE JUDGMENT DEBTOR, O.C.G.A. § 9-12-80 CREATES A LIEN ON THE DEBTOR'S REAL PROPERTY OR RATHER IS A LIEN AGAINST THE DEBTOR'S REAL PROPERTY CREATED AT THE TIME OF RECORDATION PURSUANT TO O.C.G.A. § 9-12-86. IF SUCH LIEN IS CREATED AT THE TIME OF RECORDATION, WHETHER THE EFFECTIVE DATE OF CREATION OF THAT LIEN RELATES BACK TO THE DATE OF THE JUDGMENT FOR PURPOSES OF ESTABLISHING THE DATE A CREDITOR OBTAINED A LIEN AGAINST THE JUDGMENT DEBTOR'S REAL PROPERTY.

(Doc. 12.) On August 24, 2020, the Supreme Court of Georgia provided a Remittitur and Answer to the Court's certified question. In an opinion to which all justices concurred, the Supreme Court of Georgia held that

> under Georgia law, as between the judgment creditor and judgment debtor, a lien on the title to real property is not created until the judgment is recorded, that the date of that lien is the date of recording, and the date of the lien does not relate back to the date the judgment was entered.

(Doc. 13 at 5.)

Therefore, based on the Supreme Court of Georgia's analysis and findings, this Court hereby **AFFIRMS** the decision of the Bankruptcy Court below. The Bankruptcy Court properly held "that the entry of a judgment does not transfer a lien on a judgment debtors' real estate; rather, a judgment lien encumbering real property is only created upon recording the judgment in the applicable county's real estate records." (Doc. 1 at 27.) Thus, the interlocutory order entered by the U.S. Bankruptcy Court for the Middle District of Georgia denying Synovus Bank's Motion for Summary Judgment and granting Walter Kelley's Motion for Partial Summary Judgment is **AFFIRMED**.

**SO ORDERED,** this 22nd day of October 2020.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**